UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAWRENCE HUDSON DEVERS,

                    Plaintiff,

v.

NEW YORK STATE DEPT OF CORR SERV'S,
SGT. ARNOLD J. JONATHAN,
CO. SCOTT B. BAUER,
CO. MATTHEW J. GALLIVAN,
CO. KEVIN J. ZULEWSKI, and
CO. JOSEPH L. FAVATA,
  Individually and in their Official Capacities,

                    Defendants.

**DECISION
and
ORDER**

**05-CV-900F
(consent)**

---

APPEARANCES:        LAWRENCE HUDSON DEVERS, *Pro Se*
349-10-00351
Rikers Island
Medical Unit, D2A
1500 Hazen Street
East Elmhurst, New York 11370

ANDREW M. CUOMO
Attorney General, State of New York
Attorney for Defendants
DELIA DIANNA CADLE
Assistant Attorney General, of Counsel
Main Place Tower
Suite 300A
350 Main Street
Buffalo, New York 14202

## **JURISDICTION**

On May 21, 2007, the parties to this action consented, pursuant to 28 U.S.C. § 636(c)(1), to proceed before the undersigned. The matter is presently before the court pursuant to the undersigned's August 19, 2009 Order (Doc. No. 37) directing Plaintiff to

show cause why the case should not be dismissed for failure to prosecute ("Show Cause Order").

## BACKGROUND and FACTS[1]

Plaintiff Lawrence Hudson Devers ("Plaintiff"), proceeding *pro se*, commenced this civil rights action on December 27, 2005, while incarcerated at Sourthport Correctional Facility ("Southport"), alleging that on January 8, 2003, Defendants, New York State Department of Correctional Services ("DOCS"), and various DOCS employees, used excessive force against Plaintiff and then denied Plaintiff medical treatment for serious injuries sustained as a result of such force, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff also moved for permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but did not move for appointment of counsel.

In a Decision and Order filed April 11, 2006, District Judge Richard J. Arcara granted Plaintiff's request to proceed *in forma pauperis*, dismissed the action against DOCS and against Defendant DOCS employees in their official capacities, leaving only the DOCS employees in their individual capacities as Defendants. The Clerk of the Court was directed to cause the United States Marshals to effect service of process of the summons and Complaint on Defendants. After several failed attempts, service by the U.S. Marshals was effected, between March 8, 2007 and April 27, 2007, on Defendants whose Answers were filed on May 3, 2007.

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

A scheduling conference set for June 27, 2007, was adjourned, at Plaintiff's request, to July 25, 2007. Plaintiff requested the adjournment because he had recently been transferred from Attica Correctional Facility ("Attica") to Livingston Correctional Facility ("Livingston"), and had yet to receive his legal papers, which were still at Attica with the legal assistant assigned to Plaintiff's case. The July 25, 2007 scheduling conference was adjourned to September 19, 2007, which Plaintiff, on September 13, 2007, moved to adjourn. By Text Order issued September 17, 2007 (Doc. No. 25), the undersigned denied Plaintiff's request to adjourn, and the scheduling conference was held on September 19, 2007, at which Plaintiff appeared by telephone. A Scheduling Order filed September 20, 2007 (Doc. No. 26), established, *inter alia*, deadlines of November 19, 2007 to amend the pleadings, March 31, 2008 for discovery, March 14, 2008 for motions to compel discovery, and June 16, 2008 for filing dispositive motions. The parties were also advised that no deadline would be extended except upon written joint motion filed prior to the relevant deadline and showing good cause for the extension, and that failure of any party to abide by the scheduling order or to participate in this action in good faith could result in sanctions, including dismissal of the action.

On November 20, 2007, Plaintiff moved (Doc. No. 27) for an extension of time to file an amended complaint, asserting Plaintiff continued to encounter difficulties obtaining his legal papers, which he received in October 2007. By order filed November 26, 2007 (Doc. No. 28), the undersigned granted Plaintiff's request, extending the deadline for filing amended pleadings to January 4, 2008.

By letter to the court filed February 11, 2008 (Doc. No. 30), Plaintiff advised he had been transferred back to Attica and was making preparations to again receive

3

assistance from the same legal assistant who helped Plaintiff commence this action, as well as applying for appointment of counsel.  As such, Plaintiff requested an extension of time to file an amended complaint.  The motion was granted by the undersigned who, on February 11, 2008, filed the Second Amended Scheduling Order (Doc. No. 32), establishing as deadlines April 30, 2008 for filing amended pleadings, August 29, 2008 for discovery, August 14, 2008 for motions to compel, and November 21, 2008 for dispositive motions.  The parties were again advised the no extensions would be granted absent a showing of good cause, and that failure to comply would result in sanctions, including dismissal if appropriate.

On April 29, 2008, Plaintiff moved for an extension of time to file papers (Doc. No. 33).  The motion was granted by the undersigned who, on May 7, 2008, filed the Third Amended Scheduling Order (Doc. No. 35), establishing as deadlines July 30, 2008 for filing amended pleadings, November 28, 2008 for discovery, November 14, 2008 for motions to compel, and February 20, 2009 for dispositive motions.  As with the court's earlier scheduling orders, the parties were advised that no extensions would be granted absent a showing of good cause, and that failure to comply would result in sanctions, including dismissal if appropriate.  By text order issued February 5, 2009 (Doc. No. 36), at Defendants' request, the deadline for filing dispositive motions was extended to March 30, 2009.

To date, neither Plaintiff nor Defendants have filed in this action any amended pleading, motion to compel discovery, or dispositive motion, nor has any discovery taken place.  By Order filed August 19, 2009 (Doc. No. 37), the undersigned, given that no dispositive motions had been filed, scheduled a conference for September 23, 2009,

4

to set trial dates, which, by Text Order issued September 18, 2009 (Doc. No. 38), was adjourned at Plaintiff's request, based on Plaintiff's representation, made in a telephone call to chambers, that he had recently been arrested and was being detained at Rikers Island. Plaintiff was also ordered to notify the court of his new address and telephone number as soon as possible. September 18, 2009 Text Order.

On August 10, 2010, given the absence of any action on this case, the undersigned issued an Order to Show Cause (Doc. No. 39), directing Plaintiff to file with the Clerk of the Court, by September 9, 2010, an affidavit explaining in detail why this case should not be dismissed for failure to prosecute. By letter filed September 21, 2010 (Doc. No. 40) ("Plaintiff's Response"), Plaintiff explained that although he had been released on parole and was staying at a shelter where Plaintiff was in possession of his legal papers, in September 2009, Plaintiff was rearrested, at which time Plaintiff's property at the shelter, including his legal papers, was "secured" by a friend who placed the property into a large leather duffle bag. Plaintiff's Response at 1-2. Following Plaintiff's October 26, 2009 release on bail, Plaintiff did not have the opportunity to inventory his property before he was rearrested on January 7, 2010. *Id*. at 2.

Since his rearrest, Plaintiff maintains he has been unable to access his court papers. Plaintiff's Response at 2. Plaintiff also maintains his "medical condition," including a spinal cord injury, which Plaintiff attributes to Defendants' alleged use of excessive force, for which Plaintiff sues in this action, has worsened since his January 2010 rearrest. *Id*. Plaintiff further assets that his deteriorating medical condition has been accelerated by a current denial of medical treatment, pain medication, and physical therapy, and that Plaintiff now experiences sporadic paralysis. *Id*. at 2-3.

According to Plaintiff, he has been advised by physicians at Riker's Island that a continued deterioration in Plaintiff's medical condition eventually may lead to Plaintiff's loss of control of his bodily functions. *Id*. at 3. Plaintiff further maintains that his physical condition has caused him difficulty with exercising patience and concentration, and impairing his cognitive memory. *Id*. at 4.

Defendant did not reply to Plaintiff's Response. Oral argument was deemed unnecessary.

Based on the following, the Complaint is DISMISSED for failure to prosecute.

## **DISCUSSION**

"Although the text of Fed.R.Civ.P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Dismissal pursuant to Rule 41(b) for failure to prosecute "is a matter committed to the discretion of the district judge." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 312 (2d Cir. 1986) (citing cases). *See also Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir.1994) ("It is well established that the District Court has power to dismiss an action for failure to prosecute [pursuant to Fed. R. Civ. P. 41(b) ] and that such a dismissal will be reviewed only for abuse of discretion."). Dismissal pursuant to Rule 41(b) is, however, "a harsh remedy to be utilized only in extreme situations." *Romandette*, 807 F.2d at 312 (internal quotation omitted). Additionally, "district courts should be especially hesitant to

dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

"[A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: '[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district court has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair opportunity to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.'" *LeSane*, 239 F.3d at 209 (bracketed text in original and quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (internal quotations and citations omitted)). No one of these five factors is separately dispositive. *LeSane*, 239 F.3d at 210 (citing *Nita*, 16 F.3d at 485). Here, consideration of the five factors weigh in favor of dismissal.

First, the record establishes that the duration of Plaintiff's failure to prosecute can be measured from December 27, 2005, when Plaintiff commenced the action. Since that date, Plaintiff has essentially failed to take any affirmative steps toward a resolution of the action. In particular, except for attending the September 17, 2007 scheduling conference by telephone, Plaintiff's only other appearances in this action in the almost five years since the action was filed have been limited to multiple requests for adjournments of scheduling conferences and to extend the time to file an amended complaint. *See United States v. Norden Systems, Inc.*, 375 F.3d 248, 255 (2d Cir.

2004) (holding plaintiff's 17-month delay in prosecution significant to support dismissal). Although Plaintiff's requested extensions were granted, to date, Plaintiff has not filed any amended complaint. Nor is there any indication in the record that any discovery has taken place, despite the requirement of Local Rule of Civil Procedure for the Western District of New York 7.1(a)(1) that "all discovery materials in *pro se* cases shall be filed with the Court." Although Plaintiff now maintains that his reincarceration on January 7, 2010 has both left him without access to his legal papers, and caused his medical condition to significantly deteriorate, such unfortunate circumstances are insufficient, by themselves, to excuse Plaintiff's complete failure, between filing the action on December 27, 2005, and his January 7, 2010 arrest, to litigate this action. In fact, the one-year period immediately preceding the August 10, 2010 Show Cause Order was devoid of any action on the case, implying that but for the Show Cause Order, the action would have continued to languish. As such, the first factor heavily weighs in favor of dismissal.

With regard to the second factor, the record establishes Plaintiff has received sufficient notice that further delays would result in dismissal. Specifically, each of the three scheduling orders advised that the failure of any party to abide by the scheduling order or to participate in this action in good faith could result in sanctions, including dismissal of the action. *See* Scheduling Orders dated September 20, 2007 (Doc. No. 26), February 11, 2008 (Doc. No. 32), and May 7, 2008 (Doc. No. 35). The August 10, 2010 Show Cause Order directing Plaintiff to explain why the action should not be dismissed for failure to prosecute specifically advises Plaintiff that he is at risk of having his case dismissed on Plaintiff's failure to act. Despite Plaintiff's numerous issues since

being rearrested on January 7, 2010, Plaintiff makes no argument that he failed to understand that his continued failure to participate in litigating this action could result in its dismissal.  As such, the second factor weighs in favor of dismissal.

As for the third factor, requiring the court to consider whether Defendants are likely to be prejudiced by further delay, prejudice may "be presumed as a matter of law based on plaintiff's 'lengthy and inexcusable delay.'"  *Norden Systems, Inc.*, 375 F.3d at 256 (quoting *Martens v. Thomann*, 273 F.3d 159, 181 (2d Cir. 2001)).  Whether prejudice is to be presumed as a matter of law turns on the extent to which the delay was lengthy and inexcusable.  *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999) (presuming prejudice based on two-year delay in amending the complaint followed by plaintiff's failure to respond to the court's notice that case would be dismissed if there were further delays).  Prejudice may also "exist as a matter of fact based on the decay of evidence.  *Norden Systems, Inc.*, 375 F.3d at 256.   In any event, a presumption of prejudice based on delay is rebuttable.  *Id*. at 257.

Here, the court observes that although this case is almost five years old, there has been no discovery or motion practice, and Plaintiff has failed to provide any satisfactory explanation for the delay.  As such, a determination not to dismiss the action for failure to prosecute would require either issuing a fourth scheduling order with new dates for, *inter alia*, discovery which would be five more years stale than had discovery ensued as originally anticipated, or requiring Defendants to defend the action without any discovery.  In either scenario, Defendants's efforts to defend the case presumably would be prejudiced both as a matter of law and of fact.  Plaintiff having submitted nothing to rebut this presumption, the third factor thus weighs in favor of

dismissal.

The fourth factor, concerning whether the court has attempted to balance alleviating court calendar congestion while protecting Plaintiff's right to due process and an opportunity to be heard, weighs neither in favor of nor against dismissal. Although Plaintiff's failure to make any attempt to move forward to a disposition on the merits of the action indicates that Plaintiff does not intend to take advantage of his opportunity to be heard, the Second Circuit has held that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36. The fourth factor, therefore, has no effect on the court's determination whether to dismiss the action for failure to prosecute and the court does not weight this factor against Plaintiff.

Finally, the court's consideration of the efficacy of lesser sanctions to remedy any prejudice resulting from Plaintiff's delay establishes only an absence of alternative sanctions. Specifically, a monetary fine not only would fail to address the prejudice Defendants have suffered by the delay, but Plaintiff's *in forma pauperis* status establishes the unlikelihood that Plaintiff would be able to pay such fine. *Compare Norden Systems, Inc.*, 375 F.3d at 257 (observing district court rejected lesser sanction of financial penalty because such fine would not adequately address prejudice suffered by defendants as a result of delay). Further, given that Defendants have not engaged in any motion practice, nor served Plaintiff with any discovery requests, the complete absence of any such motion or discovery in this case renders the court without any basis on which to fashion a lesser sanction. *See LeSane*, 239 F.3d at 210 (stating district court could have imposed "the lesser, and much more tailored, sanction of

deeming the assertions in defendant's rule 56.1 statement as admitted by plaintiff and then ruling on the merits of defendant's summary judgment motion without further delay."). Accordingly, the fifth factor supports dismissal.

Furthermore, Plaintiff has submitted no medical records or other evidence substantiating his asserted deteriorating medical condition. Nor does a careful reading of Plaintiff's Response reveal any indication that Plaintiff actually intends to litigate this case. Rather, taken as a whole, the record indicates Plaintiff lacks the intention to diligently pursue this action, thereby warranting dismissal.

## **CONCLUSION**

Based on the foregoing, the Complaint is DISMISSED, with prejudice, for failure to prosecute. The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 21, 2010
             Buffalo, New York

**Any appeal of this Decision and Order to the United States Court of Appeals for the Second Circuit, New York, New York, must be filed within thirty (30) days of the date of judgment in accordance with Fed.R.App. 4(a)(1)(A) and (c).**