UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAWRENCE HUDSON DEVERS,

                                        Plaintiff,

                    v.

NEW YORK STATE DEPT OF CORR SERV'S,
SGT. ARNOLD J. JONATHAN,
CO. SCOTT B. BAUER,
CO. MATTHEW J. GALLIVAN,
CO. KEVIN J. ZULEWSKI, and
CO. JOSEPH L. FAVATA,
  Individually and in their Official Capacities,

                                        Defendants.
_____

**DECISION**
**and**
**ORDER**

**05-CV-900F**
**(consent)**

        Plaintiff commenced this civil rights action on December 27, 2005, while

incarcerated at Southport Correctional Facility ("Southport"), alleging that Defendants,

New York State Department of Correctional Services ("DOCS"), and various DOCS

employees, used excessive force against Plaintiff and then denied Plaintiff medical

treatment for serious injuries sustained as a result of such force, in violation of the

Eighth Amendment's prohibition against cruel and unusual punishment.  Since filing the

Complaint, Plaintiff, aside from filing numerous requests to adjourn scheduled

proceeding, appeared in the action only once, by telephone at a September 17, 2007

scheduling conference, and did not engage in any discovery.  Accordingly, on August

10, 2010, the undersigned issued an Order to Show Cause (Doc. No. 39), directing

Plaintiff to file by September 9, 2010, a response explaining why the action should not

be dismissed for failure to prosecute.  By letter filed September 21, 2010 (Doc. No. 40),

Plaintiff explained that since commencing this action, he had been released on parole

and was staying at a shelter where Plaintiff was in possession of his legal papers until September 2009, when Plaintiff was rearrested, that Plaintiff regained access to his legal papers on October 26, 2009 upon release on bail, only to again lose access to his papers upon being rearrested on January 7, 2010.  Plaintiff maintained that he did not have time to review and inventory the papers prior to his January 7, 2010 rearrest and that he has since been without access to his papers.  Plaintiff further asserted that the deteriorating medical condition from which he suffered as a result of the excessive force to which he allegedly was subjected by Defendants made it difficult for Plaintiff to concentrate and exercise patience, and impaired his cognitive memory.

In a Decision and Order filed September 21, 2010 (Doc. No. 41) ("September 21, 2010 D&O"), the undersigned, after weighing the four factors that must be considered before dismissing under Fed.R.Civ.P. 41(b) an action for failure to prosecute, dismissed the action with prejudice.  September 21, 2010 D&O at 11.  In the September 21, 2010 D&O, Plaintiff was also admonished that any appeal of the September 21, 2010 D&O must be filed within 30 days of the date of judgment in accordance with Fed.R.App. 4(a)(1)(A) and (c).  September 21, 2010 D&O at 11.  Judgment in favor of Defendants was entered on September 22, 2010 (Doc. No. 42) ("final judgment").  Despite the September 21, 2010 D&O's admonition to Plaintiff regarding his right to file an appeal, on October 25, 2010, Plaintiff, erroneously, filed an appeal of the September 21, 2010 D&O (Doc. No. 43) ("appeal"), not with the Second Circuit, in accordance with 28 U.S.C. § 636(c)(3) ("§ 636(c)(3)"), but with this court.  Because with the entry of the final judgment, this case was closed on September 22, 2010, the undersigned was unaware of Plaintiff's appeal until Plaintiff, by letters to the undersigned and to the Clerk of the

Court, respectively dated September 28 and 29, 2011 (Docs. Nos. 44 and 45), inquiring as to when his appeal would be addressed, brought the pending matter to the court's attention.

Pursuant to Fed.R.App. 4(a)(4)(A) and 28 U.S.C. § 636(c)(3), Plaintiff's "appeal" of the September 21, 2010 D&O should have been filed with the Second Circuit Court of Appeals within 30 days of the entry of the final judgment on September 22, 2010. Further, the only motion Plaintiff could have filed in this court after the entry of the final judgment on September 22, 2010 dismissing the action for failure to prosecute is a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) ("Rule 59(e)"), seeking to alter or amend the September 21, 2010 D&O.  Given Plaintiff's *pro se* status, the court therefore treats Plaintiff's appeal as a motion for reconsideration pursuant to Rule 59(e) ("Plaintiff's Motion").  *See Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 762 (2d Cir. 1990) (papers filed by *pro se* plaintiff held to less stringent standard than those drafted by attorneys and citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

A motion for reconsideration must be filed within 28 days after the entry of final judgment.  Fed.R.Civ.P. 59(e).  Under the so-called "prison mailbox rule," a *pro se* inmate's pleading or motion is considered "filed" as of the date it is given to prison official for forwarding to the court clerk.  *See Fernandez v. Artuz*, 402 F.3d 111, 114 & n. 2 (2d Cir. 2005) (observing "the Second Circuit has consistently applied the prison mailbox rule to papers filed by state prisoner's initiating federal actions," and citing, *inter alia*, *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (applying prison mailbox rule to § 1983 complaints filed by state prisoners)).  *See also Harrison v. Harlem Hospital*, 364 Fed.Appx. 686, 687 (2d Cir. 2010) (holding *pro se* inmate plaintiff's Rule 59(e) motion

3

timely filed where accompanied by an affidavit from plaintiff indicating he gave it to prison officials on last date on which to file motion for reconsideration).

In the instant case, with the entry of final judgment on September 22, 2010, Plaintiff had until October 20, 2010, *i.e.*, 28 days from the entry of final judgment, to file a motion to reconsider.  Fed.R.Civ.P. 59(e).  Plaintiff's Motion is dated October 20, 2010, and is accompanied by a request by Plaintiff, also dated October 20, 2010, to the Clerk of the Court indicating Plaintiff does not have the time nor the money necessary to make copies of the motion or for postage to forward such copies to Defendants' counsel and the undersigned.  Plaintiff's motion at 5.  This request, however, is not an affidavit, and the envelope in which Plaintiff's motion was mailed bears a postmark indicating it was mailed on October 22, 2010.  Assuming, *arguendo*, Plaintiff did, in fact, present his Motion to prison officials to be mailed on October 20, 2010, and thus timely under Rule 59(e), the Motion is, nevertheless, denied.

In particular, the standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transporation*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or important facts that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.  Nor is a motion for reconsideration intended to be a "second bite at the apple" for a party dissatisfied with the court's ruling by "relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits . . . ."  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  Generally, reconsideration is justified only where there exists "an intervening change of controlling law, the availability of new

4

evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790).

Here, Plaintiff's reasons asserted in support of his Motion for reconsideration are basically a reiteration of the same arguments Plaintiff made in response to the court's order to show cause why the action should not be dismissed for failure to prosecute, including that Plaintiff's deteriorating medical condition impedes Plaintiff's ability to prepare a response and Plaintiff's requests for appointment of counsel have been denied.  Plaintiff's Motion at 2-3.  These same arguments were determined insufficient to avoid dismissal for failure to prosecute.  September 21, 2010 D&O at 2, 4, 5-8. Fundamentally, Plaintiff points to no new or change to controlling law, evidence not previously available, or need to correct any clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255.  As such, Plaintiff has failed to meet his burden for reconsideration.

Furthermore, insofar as the court has found Plaintiff's Motion, construed as seeking reconsideration of the September 21, 2010 D&O as timely filed, the 30-days in which Plaintiff may file an appeal with the Second Circuit Court of Appeals has been tolled pending resolution of the Motion.  *See Lora v. O'Heaney*, 602 F.3d 106, 110 (2d Cir. 2010) (stating, in *dicta*, that had defendant's motion for reconsideration been timely filed, "it would have tolled the time to file a notice of appeal regarding the underlying order until decision of the motion for reconsideration.").

Plaintiff's appeal (Doc. No. 43), treated as a motion for reconsideration, is

DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        October 12, 2011
             Buffalo, New York

**Any appeal of this Decision and Order to the United States Court of**

**Appeals for the Second Circuit, New York, New York, must be filed within**

**thirty (30) days of the date of judgment in accordance with Fed.R.App.**

**4(a)(1)(A) and (c).**